## WALZ et v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1054.   Decided May 7, 1931

Lon Volz, Dayton, for Walz et.

Calvin Crawford, Pros. Atty., and Irvin Rohlfe, for the State.

HORNBECK, J.

We have read all of this record and appreciate that in some aspects it is unusual especially in that there was an eye witness to the acts of forced sexual intercourse. The conduct of the young man who would observe the abuse of the prosecuting witness such as occurred in this case is not such as we would have it, but that the occurrences took place as testified by him there seems not to be a shadow of doubt. Of course, it is a sordid and unusual story but that acts such as are to be found in this record known as "ganging" are committed is well recognized in criminal jurisprudence.

It is no more improbable that one man would sit by and see three others rape a young woman without coming to her rescue than it is that three men consecutively and practically in each others presence would force that young woman to have sexual intercourse with them.

This case is most unusual in that the prosecuting witness is supported by the direct testimony of Loree Hedges, the eye witness, whom the jury had the right to say refrained from any physical force against his associates because of their number and because of their state of mind which no doubt existed at the time of the commission of the offense and brooked no opposition. She likewise is corroborated by the other young woman in the party, by Mr. Hawkins, her employer and, strange to say, definitely by the defendant, Walz, and, in part, by defendant, Emerick. Careful reading of the testimony of Walz practically amounts to an admission of the charge against him and Emerick at the time that he by his own statement attempted the act of sexual intercourse admits he undertook it against the permission of the prosecuting witness and that she was and had been crying and had screamed, at least once.

The brief of counsel for plaintiff in error is devoted largely to statements of the prosecuting witness which it is claimed show indiscretion upon her part prior to the acts in question and that her conduct at the time of the attacks was inconsistent with the theory that she had been forced to succumb to the advances of the defendants. Comment is made upon the character of her language and that her leaving the automobile with the men after they had expressed a purpose to attack her did not support the theory of the State that she was mistreated and tended to prove that whatever was accomplished was done by her consent. All of this contention was passed on by the jury well within its province and unfavorably to the claim of the plaintiff in error. Concerning indiscretions, on the part of the prosecuting witness, some of which do appear in the evidence, but none of which reflect upon her virtue, it may be said that it has been held several times in Ohio that rape may be committed even upon a prostitute. There is nothing in this record which in any wise justified an attack upon the prosecuting witness after she had clearly indicated to the defendants that she did not purpose to permit them to carry out their

desires. That she did act in an abnormal manner is not unusual because conditions were abnormal and it is probable as she claims, that she was so perturbed and frightened at the turn of events that she did not react normally. Then too, these events occurred miles in the country where there was no protection whatever to this young woman and from the standpoint of safety she was more secure in walking away from the automobile with one defendant at a time than to remain in it with all of them. There is an abundance of proof supporting her claim that she was attacked and forced to submit to sexual intercourse. The condition of her clothing, her appearance at the time, her hysterical state of mind the next day, the bruises upon her body, all are cumulative of her testimony.

It is seldom that a record comes to our attention in a rape charge which is so convincing as to every element of this atrocious offense as is to be found in this case.

We have not the slightest doubt that the jury was justified in its verdict and inasmuch as no error is asserted against the charge and it appears to be sound in every particular and the record discloses a fair trial, the judgment of the trial court must be and is affirmed.

ALLREAD, PJ and KUNKLE, J, concur.